IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHUOLJOCK T. LIA, | ) | 8:10CV41 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| HOMELAND SECURITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on January 29, 2010. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A.

I.    SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on January 29, 2010, against the United States Department of Homeland Security and various embassies, both foreign and domestic. (Filing No. 1 at CM/ECF p. 1.) Plaintiff is incarcerated at the Douglas County Correctional Center. (*Id.* at CM/ECF p. 2.)

Plaintiff's allegations are extremely difficult to decipher. Plaintiff's Complaint consists of nonsensical and illegible statements about Plaintiff's present custody and his immigration status. Specifically, Plaintiff alleges that Defendants have "entrap[ped] him"; the United States took his passports, green card, and high school diploma; Plaintiff wants to go "home" but the United States is using him as a "token"; and he is being "attaked [sic] by social control." (Filing No. 1 at CM/ECF pp. 5-6.) Liberally construed, Plaintiff seeks for this court to order the United States

Department of Homeland Security to deport him to Sudan or to be otherwise released from custody. (*Id.* at CM/ECF p. 7.)

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.SC. § 1915A.

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state

2

law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

Liberally construed, Plaintiff's claims relate entirely to his present confinement. Claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought. As set forth by the Supreme Court in *Preiser v. Rodriguez*, 411 U.S. 475 (1973) and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would unnecessarily implicate the validity of a conviction or continued confinement of a state prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceedings in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486-87.

In his Complaint, Plaintiff does not specify the circumstances under which he is being held at the Douglas County Correctional Center. However, in a Letter filed by Plaintiff in this case on February 19, 2010, Plaintiff states that "the Nebraska legal system" has charged him "on sex offender registration." (Filing No. 11 at CM/ECF p. 1.) Thus, the allegations he has raised in his Complaint necessarily implicate the validity of Plaintiff's continued confinement on this charge. Stated another way, this court cannot grant Plaintiff's requested relief without first determining that his present confinement is unlawful. As set forth above, the court cannot address Plaintiff's claims in an action brought pursuant to 42 U.S.C. § 1983. Thus, the court

3

will dismiss Plaintiff's claims without prejudice to reassertion in a habeas corpus or similar proceeding.[1]

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice to reassertion in accordance with this Memorandum and Order.

2. The Clerk of the court is directed to send to Plaintiff a Form AO 241 packet, Petition for Relief from a Conviction or Sentence By a Person in State Custody.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 18th day of May, 2010.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

[1] In his Complaint, Plaintiff states, "I was supposed to be deported last year." To the extent Plaintiff is seeking to enforce a removal order, those claims should be brought directly before the Eighth Circuit Court of Appeals. 8 U.S.C. § 1252.

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.